**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4014**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

KIM JENKINS BRANDVEEN,

        Defendant - Appellant.

———————

**No. 12-6185**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

KIM JENKINS BRANDVEEN,

        Defendant - Appellant.

———————

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:11-cr-00149-HEH-1)

———————

Submitted: June 28, 2012      Decided: August 15, 2012

———————

Before SHEDD, KEENAN, and DIAZ, Circuit Judges.

———————

No. 12-4014 affirmed; No. 12-6185 dismissed by unpublished per curiam opinion.

-------

Vaughan C. Jones, JOHNSON & JONES, LLP, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Michael C. Moore, Assistant United States Attorney, Richmond, Virginia, for Appellee.

-------

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kim Jenkins Brandveen pleaded guilty pursuant to a written plea agreement to tax evasion, in violation of 26 U.S.C. § 7201 (2006). The district court sentenced Brandveen to five years' imprisonment and three years' supervised release. The district court also ordered Brandveen to pay the Internal Revenue Service $2,122,897.82 in restitution. Brandveen timely appeals the criminal judgment and the restitution order.

Brandveen challenges the district court's denial of her motion to withdraw her guilty plea and the amount of restitution ordered. For the reasons that follow, we conclude that the district court did not abuse its discretion in denying Brandveen's motion to withdraw her guilty plea, and thus we affirm the criminal judgment. And, because we agree with the Government that Brandveen's appeal of the restitution order is foreclosed by the valid appeal waiver set forth in her plea agreement, we dismiss her appeal of that order.

I.

We first consider whether the district court abused its discretion in denying Brandveen's motion to withdraw her guilty plea. Brandveen argues that her attorney, a federal public defender, employed abusive and coercive tactics to induce Brandveen to plead guilty, and thus that her guilty plea was

3

involuntary.  The district court rejected this contention after conducting a thorough hearing on the motion.

"A defendant has no absolute right to withdraw a guilty plea."  United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted).  Once the district court has accepted a defendant's guilty plea, it is within the court's discretion whether to grant a motion to withdraw it.  United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007).  This Court closely scrutinizes the Fed. R. Crim. P. 11 colloquy and, if properly conducted, "a strong presumption that the plea is final and binding" attaches.  United States v. Nicholson, 676 F.3d 376, 384 (4th Cir. 2012) (internal quotation marks omitted).

Brandveen acknowledges that her claim of coercion is entirely inconsistent with her assertions, under oath, at the Rule 11 hearing, which are presumed to be truthful.  See United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (explaining that, absent compelling evidence to the contrary, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established").  The district court conducted a comprehensive Rule 11 hearing in this case, taking care to ensure that Brandveen was knowingly and voluntarily agreeing to plead guilty.  The court offered Brandveen many opportunities to report her attorney's allegedly coercive behavior, but she did

4

not avail herself of those chances. Although Brandveen implores us to look "beyond the spoken words of the hearing" (Appellant's Br. at 12), we will not do so as "courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." LeMaster, 403 F.3d at 221. We therefore presume that Brandveen's guilty plea is "valid and binding." Nicholson, 676 F.3d at 384.

The inquiry then becomes whether Brandveen established a "fair and just" reason for withdrawing the plea. Id.; see Fed. R. Crim. P. 11(d)(2)(B). To aid in this analysis, this Court has announced a six-factor test. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Under Moore, a district court considers:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Id. Although all of the Moore factors should be considered, the critical factor is whether the plea was knowing and voluntary, which again hinges on the Rule 11 colloquy. United States v. Faris, 388 F.3d 452, 456 (4th Cir. 2004), vacated on other grounds, 544 U.S. 916 (2005). We review a district court's

5

denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

We have thoroughly reviewed the record in this case, including the transcripts of the Rule 11 hearing and the hearing on Brandveen's motion to withdraw her guilty plea. We discern no abuse of discretion in the court's weighing of the Moore factors or the resulting denial of Brandveen's motion to withdraw her guilty plea. We thus affirm the criminal judgment.

II.

Brandveen next contends that the district court erroneously calculated the restitution amount by including losses outside the offense of conviction. In response, the Government asserts that Brandveen waived appellate review of the restitution order through the waiver of her right to appeal "any sentence within the statutory maximum . . . on the grounds set forth in [18 U.S.C. § 3742 (2006)] or on any ground whatsoever." (J.A. 74).[*]  We agree.

A defendant may, in a valid plea agreement, waive the right to appeal her sentence under 18 U.S.C. § 3742. United

_____

[*] Citations to the "J.A." refer to the joint appendix submitted by the parties.

6

States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This Court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to it. Id. at 169. To determine whether a waiver is knowing and intelligent, this Court examines the background, experience, and conduct of the defendant. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). "An appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision . . . during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotation marks omitted). Ultimately, however, the issue is "evaluated by reference to the totality of the circumstances." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).

The totality of circumstances in this case clearly demonstrates that Brandveen validly waived her right to appeal her sentence. As previously discussed, Brandveen's guilty plea

was voluntary, and there is no doubt that Brandveen knowingly agreed to plead guilty, with a full understanding of the terms of the appeal waiver. The language of the plea agreement is clear and unambiguous, and the district court questioned Brandveen to ensure that she had read and understood the plea agreement prior to signing it. The court also discussed the scope of the appeal waiver with Brandveen. We thus hold that the waiver is valid and enforceable as it was knowingly and voluntarily accepted. See Blick, 408 F.3d at 169.

The final issue, then, is whether the argument raised on appeal falls within the scope of the waiver. Brandveen acknowledges that the district court had statutory authority to order restitution, but posits that the court exceeded that authority by ordering restitution in an amount that encompassed conduct beyond the offense of conviction.

While framed in terms of the court's authority, at its core, Brandveen's argument attacks the district court's fact-based determination as to which losses should be included as part of the "offense of conviction." Because Brandveen's challenge to what should be included in determining the loss amount does not implicate the court's statutory authority to order restitution, we hold that the asserted error squarely falls within the scope of the appeal waiver. See United States v. Cohen, 459 F.3d 490, 498-500 (4th Cir. 2006) (rejecting

defendant's attempt to restrict the scope of the "offense of conviction" to those acts "specifically defined by the factual basis of his plea contained in the plea agreement" and holding that, because the restitution award was within the scope of the district court's authority, the appellate challenge to the amount of that award was within the ambit of the appeal waiver (internal quotation marks omitted)). We therefore dismiss the appeal of this issue.

For the foregoing reasons, we affirm the criminal judgment and we dismiss the appeal of the restitution order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

No. 12-4014 <u>AFFIRMED</u>
No. 12-6185 <u>DISMISSED</u>